# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Anastacia Nava Lopez | § | Case No. 15-28918 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 13 of the United States Bankruptcy Code was filed on 08/24/2015 . The case was converted to one under Chapter 7 on 10/16/2015 . The undersigned trustee was appointed on 10/16/2015 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---:|
| 4. The trustee realized gross receipts of | $ | 7,266.78 |

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 2.78 |
| Bank service fees | 94.20 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| | |
| Leaving a balance on hand of[1]    $ | 7,169.80 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 06/21/2016 and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,476.68 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 1,476.68 , for a total compensation of $ 1,476.68 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 5.84 , for total expenses of $ 5.84 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 03/20/2017                By:/s/Frank J. Kokoszka, Trustee
                                                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-28918 | JSB | Judge: | Janet S. Baer | Trustee Name: | Frank J. Kokoszka, Trustee |
|---|---|---|---|---|---|---|
| Case Name: | Anastacia Nava Lopez | | | | Date Filed (f) or Converted (c): | 10/16/2015 (c) |
| | | | | | 341(a) Meeting Date: | 11/24/2015 |
| For Period Ending: | 03/20/2017 | | | | Claims Bar Date: | 06/21/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 115 N Rose Ave, Addison, Il 60101-3427 | 175,257.00 | 0.00 | | 0.00 | FA |
| 2. Checking (Bmo Harris Bank) | 2,500.00 | 0.00 | | 0.00 | FA |
| 3. Household Furnishings | 500.00 | 0.00 | | 0.00 | FA |
| 4. Clothing | 100.00 | 0.00 | | 0.00 | FA |
| 5. Pension | 27,000.00 | 0.00 | | 0.00 | FA |
| 6. 2004 Chevrolet Impala 4Dr Sedan (3.4L 6Cyl 4A) | 1,911.00 | 0.00 | | 0.00 | FA |
| 7. 2009 Chevrolet Malibu Lt1 4Dr Sedan (2.4L 4Cyl 4A) | 2,077.00 | 588.00 | | 0.00 | FA |
| 8. BMO Harris Checking Account (u) Undisclosed (not disclosed in Schedules) Bank Account to which the Debtor testified to during her Meeting of Creditors; Trustee proceeded with a Motion for Turnover and Debtor turnovered all funds in that bank account pursuant to the Turnover Order. | 0.00 | 7,266.78 | | 7,266.78 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $209,345.00 | $7,854.78 | | $7,266.78 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

**UST Form 101-7-TFR (5/1/2011)** *(Page: 3)*

Trustee learned that the Debtor had an undisclosed bank account.
Pursuant to an Turnover Order, the Debtor had tendered the funds from that account to the Trustee.
The Trustee does not believe that there are any other assets to pursue.

Bar Date has expired with minimal claims having been filed. Trustee is reviewing debtor's schedule for valid claims and investigating other options to notify creditors that funds are available for distribution.

Trustee has received a tardy proof of claim that the Trustee is reviewing.   - Frank J. Kokoszka 1/17/2017

Trustee is awaiting entry of Order determining the Value of Secured Claim # 3  - Frank J. Kokoszka 2/22/2017


Initial Projected Date of Final Report (TFR): 12/30/2016        Current Projected Date of Final Report (TFR): 03/30/2017

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 15-28918
Case Name: Anastacia Nava Lopez
Taxpayer ID No: XX-XXX8444
For Period Ending: 03/20/2017

Trustee Name: Frank J. Kokoszka, Trustee
Bank Name: BOK Financial
Account Number/CD#: XXXXXX0157
Checking
Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/04/16 | 8 | Debtor | Liquidation of Bank Account An undisclosed bank account was discovered during the 341 meeting, with the amount of $7266.78 on the date of petition. Debtor turned over said amount pursuant to a Motion for Turnover. | 1229-000 | $7,226.78 | | $7,226.78 |
| 04/29/16 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $7,216.78 |
| 05/31/16 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.69 | $7,206.09 |
| 06/30/16 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.33 | $7,195.76 |
| 07/29/16 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.66 | $7,185.10 |
| 08/31/16 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.65 | $7,174.45 |
| 09/30/16 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.29 | $7,164.16 |
| 10/25/16 | 8 | Debtor | Liquidation of Bank Account Deposit slip for Bank Deposit inadvertently was written for $7226.78 instead of $7266.78. Bank was notified and credit of $40 was added. | 1229-000 | $40.00 | | $7,204.16 |
| 10/31/16 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.63 | $7,193.53 |
| 11/30/16 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.31 | $7,183.22 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

Page Subtotals: $7,266.78   $83.56

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 15-28918 | Trustee Name: Frank J. Kokoszka, Trustee |
| Case Name: Anastacia Nava Lopez | Bank Name: BOK Financial |
| | Account Number/CD#: XXXXXX0157 |
| | Checking |
| Taxpayer ID No: XX-XXX8444 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 03/20/2017 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/30/16 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.64 | $7,172.58 |
| 02/06/17 | 101 | International Sureties, Ltd. | Blanket Bond | 2300-000 | | $2.78 | $7,169.80 |

|   |   |   |
|---|---|---|
| COLUMN TOTALS | $7,266.78 | $96.98 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $7,266.78 | $96.98 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $7,266.78 | $96.98 |

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0157 - Checking | $7,266.78 | $96.98 | $7,169.80 |
|  | $7,266.78 | $96.98 | $7,169.80 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $7,266.78 |
| Total Gross Receipts: | $7,266.78 |

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 15-28918  
Debtor Name: Anastacia Nava Lopez  
Claims Bar Date: 6/21/2016

Date: March 20, 2017

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Frank J. Kokoszka | Administrative | | $0.00 | $1,476.68 | $1,476.68 |
| 100 2200 | Frank J. Kokoszka | Administrative | | $0.00 | $5.84 | $5.84 |
| 1 300 7100 | Capital One, N.A.<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $0.00 | $931.13 | $931.13 |
| 2 300 7100 | Quantum3 Group Llc As Agent For<br>Comenity Bank<br>Po Box 788<br>Kirkland, Wa 98083-0788 | Unsecured | | $0.00 | $44.91 | $44.91 |
| 3 350 7200 | Ditech Financial Llc<br>2100 East Elliot Rd., Bldg. 94<br>Recovery Dept - T120<br>Tempe, Az 85284 | Unsecured | Tardy Filed Claim.<br>Will only receive distribution after timely filed claims are paid in full.<br><br>Objection filed to treat claim as unsecured.<br>Order entered on 2/22/2017 treating the claim as an unsecured claim. | $0.00 | $47,095.58 | $47,095.58 |
| | Case Totals | | | $0.00 | $49,554.14 | $49,554.14 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-28918
Case Name: Anastacia Nava Lopez
Trustee Name: Frank J. Kokoszka, Trustee

Balance on hand $ 7,169.80

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Frank J. Kokoszka | $ 1,476.68 | $ 0.00 | $ 1,476.68 |
| Trustee Expenses: Frank J. Kokoszka | $ 5.84 | $ 0.00 | $ 5.84 |

Total to be paid for chapter 7 administrative expenses $ 1,482.52
Remaining Balance $ 5,687.28

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 976.04  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be  100.0  percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Capital One, N.A. | $ 931.13 | $ 0.00 | $ 931.13 |
| 2 | Quantum3 Group Llc As Agent For | $ 44.91 | $ 0.00 | $ 44.91 |
| | Total to be paid to timely general unsecured creditors | | | $ 976.04 |
| | Remaining Balance | | | $ 4,711.24 |

Tardily filed claims of general (unsecured) creditors totaling $ 47,095.58  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  10.0  percent.

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 3 | Ditech Financial Llc | $ 47,095.58 | $ 0.00 | $ 4,711.24 |
| | Total to be paid to tardy general unsecured creditors | | | $ 4,711.24 |
| | Remaining Balance | | | $ 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  0.0  percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE